UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>-against-<br><br>JERISON ROJAS VILLALOBOS,<br>       Defendant. | Case No. 20-cr-00060-JLR-1<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  Before the Court is a *pro se* motion sent to the Court on September 19, 2023 by Defendant Jerison Rojas Villalobos seeking a reduction in his sentence ("Sept. Motion"). Villalobos pleaded guilty to one count of conspiracy to commit mail, wire, and bank fraud under 18 U.S.C. § 1349, one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h), and two counts of conspiracy to commit bank fraud under 18 U.S.C. § 1349. ECF No. 52. He was sentenced on April 19, 2023 to a term of 48 months of imprisonment. *Id.* Represented by counsel, Villalobos appealed his sentence to the Second Circuit on May 4, 2023. ECF No. 53.

  When advised of the present motion by Defendant, on September 19, 2023, counsel for Villalobos informed the Court that he "stands mute" on the request and that Villalobos does not want the motion to be stricken; the government advised that it opposes the motion.

  It is difficult to discern the precise relief sought by the Defendant or the basis for his request, but it seems that he is urging the Court to "modify [the] sentence to one year." Sept. Motion at 2. Because Villalobos cites to Rule 35, the Court construes Defendant's submission as a motion under Federal Rule of Criminal Procedure ("Rule") 35 to correct or reduce his sentence. *See, e.g.*, *United States v. Rakhmatov*, 53 F.4th 258, 260 (2d Cir. 2022) (noting that the district court below construed defendant's letter as a motion brought under Rule 35);

*United States v. Rivera*, 436 F. Supp. 3d 673, 675 (S.D.N.Y. 2020) (construing a pro se defendant's motion for reconsideration as one brought under the pre-amended version of Rule 35(a)).

Under Rule 35, the court may correct, within 14 days after sentencing, a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). Not only was the motion, filed five months after sentencing, brought far more than 14 days after sentencing, Villalobos did not raise any arithmetical, technical, or other clear error with his sentence and the Court finds none. Nor has the government moved to reduce Defendant's current sentence, as required by Fed. R. Crim. P. 35(b), and indeed opposes this motion. Villalobos has not alleged any unconstitutional motive behind this decision. *See United States v. DeFeo*, 327 F. App'x 257, 258 (2d Cir. 2009) (noting that a defendant is entitled to Rule 35(b) relief "only if he can establish that the government's reasons for refusing to file a rule 35(b) motion were 'not rationally related to any legitimate Government end'" (quoting *Wade v. United States*, 504 U.S. 181, 186 (1992)).

Villalobos also cites *Pepper v. United States*, 562 U.S. 476 (2011), and its underlying case in the Eighth Circuit, *United States v. Pepper*, 486 F.3d 408 (8th Cir. 2007), to argue that this Court should have imposed a lower sentence. The Court struggles to see how *Pepper* applies to Villalobos's situation. In *Pepper*, the Supreme Court affirmed the Eighth Circuit's holding that the law of the case doctrine did not restrict the district court at resentencing. 562 U.S. at 481. Here, however, Villalobos is not before the Court for resentencing. His appeal of his original sentence is currently pending before the Second Circuit. *See* ECF No. 53.

At bottom, Villalobos's letter is best read as an argument that he is entitled to a lower sentence than the one he received. However, in sentencing Villalobos, the Court considered the statutory factors under 18 U.S.C. § 3553(a), the advisory guidelines range, and all the

information presented by the Government and the Defendant at sentencing. Therefore, to the extent that Villalobos has moved to correct or amend his sentence under Rule 35, the Court denies that motion.

Dated: October 3, 2023
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge